In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00033-CR


______________________________




ERIC LAMOND DAVIS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 349th Judicial District Court


 Houston County, Texas


Trial Court No. 08-CR-123




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Eric Lamond Davis was on trial in Houston County (1) for murder. After the first day of
testimony, one of the jurors serving in Davis' trial was arrested on a hot-check charge pending in
another county. Over Davis' objection, the trial court released the arrested juror from further service
in this case, seated one of the two alternate jurors that had previously been selected, and overruled
Davis' motion for mistrial. 

 From a murder conviction and a life sentence, Davis appeals, asserting that the trial court erred
in denying his motion for mistrial. We affirm the judgment, because by statute an alternate juror may
replace a disqualified juror.

 In his sole point of error, Davis argues that "statutes do not allow an alternate juror to serve
in place of a disqualified juror." We disagree.

 Article 33.011 allows a trial court to select up to four alternate jurors to "replace jurors who,
prior to the time the jury renders a verdict on the guilt or innocence of the defendant . . . become or
are found to be unable or disqualified to perform their duties . . . ." Tex. Code Crim. Proc. Ann.
art 33.011(b) (Vernon Supp. 2008) (emphasis added).

 A person is disqualified from serving as a juror if he or she is under indictment or other legal
accusation for misdemeanor theft or a felony. Tex. Code Crim. Proc. Ann. arts. 35.16, 35.19
(Vernon 2006). In this case, no one disputes that the disqualified juror was "under indictment or other
legal accusation for misdemeanor theft or felony" or that the alternate juror replaced the disqualified
juror before the verdict. Accordingly, once the arrested juror was "found to be" disqualified, the trial
court was required to, and did, excuse her from the jury. See Tex. Code Crim. Proc Ann. arts.
35.16, 35.19. The court then appropriately replaced her with an alternate juror. See Tex. Code Crim.
Proc. Ann. art. 33.011(b). The trial court did not err.

 We overrule Davis' point of error and affirm the judgment of the trial court.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: September 15, 2009

Date Decided: September 18, 2009


Do Not Publish
1. This case was transferred to this Court from the Twelfth District Court of Appeals in Tyler
as part of the Texas Supreme Court's docket equalization program. See Tex. Gov't Code Ann.
§ 73.001 (Vernon 2005). We are not aware of any conflict between the precedent of the Tyler Court
and the precedent of this Court on any issue relevant in this appeal. See Tex. R. App. P. 41.3.



A>. Hall cites no authority other than this study
for his contentions. 

 Nevertheless, Detective Robert Holcomb testified that, when he showed Hugghins
the lineup, he informed her the perpetrator may or may not have been among the
photographs. Holcomb also testified Hugghins indicated she would be able to identify the
perpetrator if she saw him again. As to the means of displaying the array of photographs,
it appears the police gave them to Hugghins in a group, not individually. Despite the
statements of the study on which Hall relies, he presents no evidence that Hugghins'
identification would have been different in any way had the lineup been presented
differently. The police presented Hugghins with the first lineup the day after the incident. 
She did not identify anyone in that lineup. Two days later, the police showed Hugghins a
second lineup. She immediately and unequivocally identified Hall. Hugghins also
positively identified Hall in the courtroom at trial. 

 Hall failed to show the pretrial identification was impermissibly suggestive. 

 We affirm the judgment.


 Donald R. Ross

 Justice


Date Submitted: July 31, 2002

Date Decided: August 8, 2002


Do Not Publish